[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: AUGUST 08, 1999 DATE OF APPLICATION: AUGUST 31, 1999 DATE APPLICATION FILED: SEPTEMBER 07, 1999 DATE OF DECISION: JANUARY 23, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury.
Docket Nos. CR98-273636, MV351770
Gerald Hecht, Esq., For the Petitioner.
Gail Hardy, Esq., For the State.
 BY THE DIVISION
The petitioner was convicted by trial by jury of Misconduct with a Motor Vehicle in violation of Conn. Gen. Statute 53a-57 and Operating Under Suspension in violation of Conn. Gen. Statute 14-215 (a). The trial court imposed a sentence of five years suspended after four years, three months, with five years probation.
The record shows that the victim was pulled over with another car on the side of the highway on the non-travel portion of Route 8. A car driven by the petitioner crashed into the first car then proceeded to hit the victim sending him airborne and to his death. The petitioner admitted later that he hit the victim but that he may have fallen asleep. He was driving without insurance and while his license to operate a motor vehicle was suspended.
Counsel for the petitioner at the hearing asked for a lesser sentence. He noted that the petitioner admitted the crime and never disputed what happened and that the trial was based on a complex legal definition on what happened. Claiming his client was contrite and cooperative and that the probation report did not recommend a specific period of time, he felt a reduction was appropriate. CT Page 3132-be
The petitioner, when he addressed the panel, noted he thinks everyday of why he is in prison and that he is an intelligent person who has and will change his ways. He asked for a reduction from the panel.
The attorney for the state asked the panel to affirm the sentence noting that the petitioner had a horrible motor vehicle record and was under suspension while committing the misconduct.
In reviewing the sentence in accordance with Practice Book 43-28 we find the sentence imposed appropriate for the acts intended to be punished. The petitioner, through a series of thoughtless and irresponsible conduct, ended up taking a life of another with his motor vehicle.
In light of the above, the Sentence is AFFIRMED.
NORKO, J.
KLACZAK, J.
MIANO, J.
Judges Miano, Klaczak, and Norko participated in this decision.